IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARNEATHA WILEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 04-955-GPM |
| | ) |
| DARLENE A. VELTRI, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Petitioner, an inmate in the Federal Prison Camp in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge a disciplinary proceeding. She seeks leave to proceed *in forma pauperis* (Doc. 2), and the Court finds that she is, in fact, indigent. Therefore, this motion is **GRANTED**.

This case now is before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

On September 23, 2004, A. Andries, a counselor at Greenville, issued a disciplinary ticket

after learning that Petitioner used inmate Sarah Mason's telephone card to place over 40 calls to her sister while Mason was out of the prison on a writ from August 25 through September 20, 2004. A copy of the ticket was delivered to Petitioner that evening; a hearing was held the afternoon of September 27. Petitioner was found guilty, and due to the sheer number of calls made during that time period, the Committee felt that a more severe sanction was warranted than would usually be imposed for such an infraction. Therefore, she was punished with the loss of 14 days of good conduct credit, loss of telephone privilege for 18 months, and restitution to Mason of $25.

Petitioner challenges this incident on several grounds. She first claims that Andries became aware of the incident on September 20, but she did not write the ticket until September 23. Petitioner argues that this was in violation of the Bureau of Prisons' (B.O.P.) disciplinary procedures, which require notice of the charges be provided to an inmate within 24 hours of the time staff becomes aware of the inmate's involvement in the prohibited activity. This claim is refuted by the language of the ticket; Andries states that "[o]n this date [September 23, the date the ticket was written] at approximately 3:00 pm, during a conversation in the Camp Administration Building, inmate Wiley, Arneatha #17788-076 admitted to using inmate Mason, Sarah's #05568-030 telephone PAC number." Although unusual activity on Mason's card might have been discovered prior to that time, the actual charges against Petitioner were not discovered until Petitioner acknowledged that the phone number called over 40 times with Mason's card was, in fact, Petitioner's sister. The conversation occurred at approximately 3:00 pm, and the ticket was delivered at 6:24 pm that same day. Therefore, the rule was followed; Petitioner's first claim is without merit.

Petitioner next claims that the UDC sent her to the DHO, and more than 24 hours elapsed

between delivery of the ticket and the time the hearing was conducted; therefore, another B.O.P. procedure was allegedly violated. It seems that Petitioner misunderstands the rules. As clearly stated in the inmate handbook, relevant portions of which are attached to the petition, "[i]nmates must ordinarily be given an Initial Hearing **within three (3) work days** of the time staff become aware of the inmate's involvement in the incident (**excluding** day staff became aware of the incident, **weekends**, and federal holidays)." (Emphasis added.) As stated above, the incident was discovered the afternoon of September 23, 2004; the Court takes judicial notice that it was a Thursday. According to the ticket, the initial hearing was held the afternoon of September 27, 2004; the Court takes judicial notice that it was a Monday. Although four calendar days elapsed between the ticket issuance and the Initial Hearing, two of those days were over a weekend and thus excluded from the count. Therefore, the Initial Hearing was held in a timely manner; no rule violation occurred.

Petitioner next refers to the passage of 24 hours before the matter was heard by the DHO. Again, Petitioner misunderstands the procedures. The rule in question states that "[a]n inmate will be provided with advance written notice of the charges not less than 24 hours before the inmate's appearance before the DHO." This means only that Petitioner needed to be given written notice of the charges at least one day before the DHO hearing; it does not require that the DHO hearing take place within 24 hours of the ticket issuance. According to a grievance she filed, Petitioner appeared before the DHO on September 29, 2004, so she clearly had written notice of the charges more than 24 hours prior to the hearing. Again, no rule violation occurred.

Finally, Petitioner states that there is no "Code 397" in the list of prohibited acts in the handbook. On this point, she is correct, and presumably she is suggesting that she did not have proper notice of the charges. *See generally Wolff v. McDonnell*, 418 U.S. 539, 563-572 (1974).

However, the ticket clearly states the charges as "Use of telephone for abuses other than criminal activity," and a detailed explanation of the charges follows in the next section.  The Court notes that in the handbook, under the list of "Low Moderate Category" offenses, there is a "497 Use of the telephone for abuses other than criminal activity."  The Court also notes that on page 30 of the handbook relating to telephone privileges, "[t]he severity of phone abuse has been increased from a 400 series prohibited act to 300, 200, or 100 series act, depending on the severity."  Therefore, Petitioner's claim is unavailing – she was clearly aware of the charges against her, she knew the basis for those charges (to which she admitted), and she knew from the handbook that abuse of telephone privilege was a prohibited act that was punishable with several sanctions, including the loss of the privilege and loss of good conduct credit.

In summary, no B.O.P. rules were broken by the Greenville staff in handling this matter, and Petitioner's constitutional rights were not violated.  Therefore, this habeas action does not survive review under Rule 4 and, accordingly, this action is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED:  08/17/05

                                         s/ G. Patrick Murphy
                                         G. PATRICK MURPHY
                                         Chief United States District Judge